Filed 7/22/21  P. v. Madueno CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>ANGEL MEZA MADUEÑO,<br><br>　　Defendant and Appellant. | F081106<br><br>(Super. Ct. No. CR-19-003580)<br><br><br>**OPINION** |

### THE COURT\*

APPEAL from an order of the Superior Court of Stanislaus County.  Scott T. Steffan, Judge.

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Daniel B. Bernstein and Nikta Allami, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*Before Hill, P.J., Franson, J. and Peña, J.

## INTRODUCTION

A jury convicted defendant Angel Meza Madueño of two counts of second degree murder and found true allegations defendant personally used a firearm during each murder. Following the passage of Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), defendant filed a petition for resentencing pursuant to Penal Code section 1170.95, asserting he was entitled to resentencing under the new laws. (Undesignated statutory references are to the Penal Code.) The People opposed the petition. At a hearing on the petition, defendant's counsel stated he would submit on the papers which showed "[n]o one else was convicted of the murder," and "[b]ased on the papers, he is the actual killer." The People also stated defendant was the actual killer and that the jury was not instructed on the felony-murder rule or the natural and probable consequences doctrine. The court concluded defendant was the actual killer and denied his petition.

We conclude the record establishes defendant is ineligible for resentencing as a matter of law. Accordingly, we affirm the trial court's order.

## FACTUAL AND PROCEDURAL HISTORY

A jury convicted defendant of two counts of second degree murder (§ 187) and found true enhancement allegations that he used a firearm during each murder pursuant to section 12022.5 based upon the killings of two victims in 1977. Our court subsequently affirmed the conviction. (See *People v. Madueno* (Apr. 24, 1981, 5 Crim. No. 4501) [nonpub. opn.].)[1]

In 2019, defendant filed a petition for resentencing pursuant to section 1170.95 using a preprinted form. He checked boxes stating that a charging document had been filed against him allowing the prosecution to proceed under a felony-murder theory or the natural and probable consequences doctrine; at trial, he was convicted of first or second

---

[1]We take judicial notice of our prior unpublished opinion in this matter pursuant to Evidence Code sections 452, subdivision (a), and 459, subdivision (a).

degree murder under a felony-murder theory or the natural and probable consequences doctrine; and he could not now be convicted of murder in light of changes made to sections 188 and 189, effective January 1, 2019 (pursuant to Senate Bill 1437). He also checked a box indicating he was convicted of first degree murder but could not now be convicted because he was not the actual killer, he did not, with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree, and he was not a major participant in the felony or did not act with reckless indifference to human life during the course of the crime or felony. He also checked a box stating he was convicted of second degree murder under the natural and probable consequences doctrine or under the second degree felony-murder doctrine and could not now be convicted of murder because of changes to section 188, effective January 1, 2019. He also checked a box stating, "I request that this court appoint counsel for me during this re-sentencing process." The court appointed defendant counsel.

In their response, the People moved to dismiss the petition, arguing Senate Bill 1437 was unconstitutional. They also argued defendant failed to make a prima facie showing of eligibility for relief because the jury found he was the actual killer and that he personally used a firearm to kill two victims. The People attached to their motion our court's appellate opinion from defendant's initial appeal from his convictions. Defendant filed a reply arguing Senate Bill 1437 is constitutional and he made a prima facie showing of entitlement to relief. He asserted the court should not weigh evidence or decide disputed questions of fact but rather must rely on the petition in determining whether a defendant has made a prima facie showing of relief.

The court issued a minute order: "While the court did not specifically issue an order to show cause as the statute provides, both parties have fully briefed the matter as though such an order had been issued." The court stated it would "hold a hearing pursuant to … section 1170.95, subdivision (d)(1) to determine whether to vacate [defendant's] murder conviction and to recall the sentence. At the hearing, the burden of

proof [would] be on the prosecution to prove, beyond a reasonable doubt, that [defendant] is ineligible for resentencing." The hearing was scheduled for March 13, 2020.

Before the hearing, the People submitted a brief in which they argued for the denial of defendant's section 1170.95 petition for resentencing and to which they attached portions of the trial transcript and the jury instructions. They argued the jury convicted defendant of two counts of second degree murder and using a firearm; no one else was charged with the murders, and the murders were not committed while defendant was engaged in a felony articulated under section 189. Accordingly, they argued, defendant was not convicted "as a major participant, an accomplice, or as an aider and abettor"; rather, he was convicted as the actual killer. Citing the jury instructions, they noted the court instructed the jury that defendant was charged with "willfully, unlawfully, feloniously and with malice aforethought" murdering the two victims; he was not charged with felony murder. They further argued, based upon the trial transcript, the court explained to the jury the prosecution's theory of murder was based upon a finding of express malice; thus, this was not a case of malice imputed from anyone else.

At the hearing, defense counsel stated he would "submit on the papers. No one else was convicted of the murder. Based on the papers, he is the actual killer." The prosecutor also argued defendant was "the actual killer," and the jury was instructed it was an express malice case. Thus, it was not a felony murder or a natural and probable consequences case as would be necessary for it to qualify for resentencing under the statute. The court agreed defendant was the actual killer and denied defendant's petition for resentencing.

4.

**I.      Senate Bill 1437 and Section 1170.95**

On September 30, 2018, the Governor signed Senate Bill 1437, which became effective on January 1, 2019.  Senate Bill 1437 "amend[s] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Stats. 2018, ch. 1015, § 1, subd. (f).)  It amends section 188, which defines malice, and section 189, which defines the degrees of murder to address felony-murder liability, and it adds section 1170.95, which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in the law would affect their previously sustained convictions.  (Stats. 2018, ch. 1015, §§ 2–4.)

Accordingly, section 188 now provides that, "[e]xcept as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought.  *Malice shall not be imputed to a person based solely on his or her participation in a crime*."  (§ 188, subd. (a)(3), italics added.)  The change reflects the Legislature's intent that "[a] person's culpability for murder must be premised upon that person's own actions and subjective mens rea."  (Stats. 2018, ch. 1015, § 1, subd. (g).)

Additionally, section 189 previously stated, "All murder … which is committed in the perpetration of, or attempt to perpetrate, arson, rape, carjacking, robbery, burglary, mayhem, kidnapping, train wrecking, or any act punishable under Section 206, 286, 288, 288a, or 289, or any murder which is perpetrated by means of discharging a firearm from a motor vehicle, intentionally at another person outside of the vehicle with the intent to inflict death, is murder of the first degree."  Senate Bill 1437 amended section 189, in part, by adding subdivision (e), which provides:

> "A participant in the perpetration or attempted perpetration of a felony
> listed in subdivision (a) in which a death occurs is liable for murder only if

one of the following is proven:  [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2.”

Newly enacted section 1170.95 permits those “convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner’s murder conviction vacated and to be resentenced on any remaining counts ….” (*Id.*, subd. (a).)  An offender may file a petition under section 1170.95 where all three of the following conditions are met:

> “(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;] [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[;] [¶] [and] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.” (§ 1170.95, subd. (a)(1)–(3).)

A trial court receiving a petition under section 1170.95 “shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section.”  (§ 1170.95, subd. (c).)  If the petitioner has made such a showing, the trial court “shall issue an order to show cause.” (*Ibid*.)  The trial court must then hold a hearing “to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not been previously been [*sic*] sentenced, provided that the new sentence, if any, is not greater than the initial sentence.”  (§ 1170.95, subd. (d)(1).)

If a hearing is held, “[t]he prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens.” (§ 1170.95, subd. (d)(3).)  “[T]he burden of proof shall be on the prosecution to prove,

beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (*Ibid*.) "If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges." (*Ibid*.)

## II.    Standard of Review

On appeal from a denial of relief following an evidentiary hearing under section 1170.95, subdivision (d), we review the trial court's factual findings for substantial evidence. (*People v. Clements* (2021) 60 Cal.App.5th 597, 618, review granted Apr. 28, 2021, S267624; accord, *People v. Lopez* (2020) 56 Cal.App.5th 936, 954 [substantial evidence standard of review applies to postjudgment orders involving judicial factfinding], review granted Feb. 10, 2021, S265974; *People v. Rodriguez* (2020) 58 Cal.App.5th 227, 238 [same], review granted Mar. 10, 2021, S266652.) Under that familiar standard, "'we review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt'" under section 188 as amended. (*People v. Morales* (2020) 10 Cal.5th 76, 88; see *Clements*, *supra*, at p. 618.) To that end, we presume the existence of every fact the court as fact finder could reasonably deduce from the evidence in support of the court's order. (*People v. Beck and Cruz* (2019) 8 Cal.5th 548, 626.)

## III.    Analysis

Defendant argues he should have been provided with an opportunity to rebut the People's contention he was the actual shooter under the procedures provided for in section 1170.95. Specifically, he asserts, based upon the evidence detailed in the appellate opinion following his original convictions, "reasonable minds could differ as to the nature of [his] involvement in the murders" but he was not presented an opportunity

to present evidence to rebut the People's claim he was the actual shooter at a hearing "as provided for in the statute." He further contends he "was not present at the hearing and could not object to counsel's concession as to the ultimate issue to be decided." And the record did not show he voluntarily and intelligently waived his constitutional rights as to a concession. He also argues the jury's true finding on the former section 12022.5 enhancement did not render him categorically ineligible for relief, citing *People v. Offley* (2020) 48 Cal.App.5th 588, 598 (*Offley*). The People assert the court correctly denied the petition because the record established defendant was the actual killer and he acted with express malice. They note the jury was not instructed on felony murder, the natural and probable consequences doctrine, or any aiding or abetting theories. They assert the jury's guilty verdict "necessarily demonstrated that [defendant] was the actual killer who acted with express malice." We agree with the People. The record reflects defendant was ineligible for relief because the prosecution did not proceed under a theory of felony murder or murder under the natural and probable consequences theory. Rather, the prosecution relied upon an "express malice" theory; so, the jury necessarily did not convict defendant of murder based upon the felony murder or the natural and probable consequences doctrine. Thus, even if defense counsel's concession at the petition hearing that defendant was the actual killer was made in error, defendant cannot establish he was prejudiced as a result.

Here, the jury was not instructed on either felony murder or the natural and probable consequences doctrine; rather, the court instructed the jury the prosecutor was proceeding under an "express malice" theory. (See *People v. Soto* (2020) 51 Cal.App.5th 1043, 1055 [jury instructions given by the trial court are part of the record of conviction], review granted Sept. 23, 2020, S263939; *People v. Edwards* (2020) 48 Cal.App.5th 666, 674 [same], review granted July 8, 2020, S262481.) Further, defendant was not charged with nor was the jury instructed on a target crime on which the natural and probable consequences doctrine could be predicated or a felony articulated under section 189. As

8.

the Court of Appeal in *Soto* concluded in affirming the trial court's denial of the defendant's section 1170.95 petition, "[T]he jurors were not provided any instruction on which they could have found [the defendant] guilty of murder under [the natural and probable consequences] doctrine. Rather, under the instructions, the jury necessarily found [the defendant] culpable for murder based on his own actions and mental state …." (*Soto*, at p. 1055; see *Edwards*, at p. 674 [affirming summary denial of § 1170.95 petition where charging information and jury instructions reflected defendant was not charged or convicted of second degree felony murder or murder under the natural and probable consequences doctrine].) In the absence of instructions on felony murder or the natural and probable consequences doctrine, the jury could not have convicted defendant based on a theory of liability that is no longer valid following Senate Bill 1437's amendments to sections 188 and 189. Thus, substantial evidence supports the court's conclusion defendant was ineligible for resentencing under section 1170.95.

Defendant argues on appeal that he should have been entitled to an opportunity to further challenge the weight of the evidence in support of his murder convictions generally as opposed to their continued viability based upon the passage of Senate Bill 1437; that is, he essentially asserts there was a reasonable doubt as to whether he, as opposed to a third party, committed the killings. However, a review of the record including our court's prior opinion in this matter, the jury instructions, portions of the trial transcript, and the jury's findings in this case establishes the jury necessarily concluded defendant shot the victims, he was the only perpetrator involved, and the jury found beyond a reasonable doubt that he personally and intentionally discharged a firearm that caused the victims' deaths. Thus, in convicting defendant of the murders, the jury rejected the evidence that a third party, as opposed to defendant, committed the murders.

"Nothing in Senate Bill No. 1437 suggests the Legislature intended to provide redress for alleged erroneous prior fact-findings …." (*People v. Nunez* (2020) 57

Cal.App.5th 78, 95, review granted Jan. 13, 2021, S265918.) Thus, defendant cannot use the section 1170.95 petition as a vehicle for collaterally attacking the jury's conclusion he was the actual killer decades later. (See *People v. Nguyen* (2020) 53 Cal.App.5th 1154, 1167–1168 [§ 1170.95 petition properly denied where defendant did not discuss how he could have been convicted of felony murder or murder under a natural and probable consequences doctrine and identified no underlying felony or target offense that would have made either of these theories viable at the time of his conviction and not today but instead used petition to argue there was insufficient evidence he aided and abetted murder]; *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1138 ["'if the petition contains sufficient summary allegations that would entitle the petitioner to relief, but a review of the court file shows the petitioner was convicted of murder without instruction or argument based on the felony murder rule or [the natural and probable consequences doctrine], … it would be entirely appropriate to summarily deny the petition based on petitioner's failure to establish even a prima facie basis of eligibility for resentencing'"], review granted Mar. 18, 2020, S260598.) And defendant does not explain what evidence he could or would have presented at the evidentiary hearing to show he could not be convicted of first or second degree murder *because of changes to Section 188 or 189 made effective January 1, 2019.* (See § 1170.95, subd. (a)(3).)

As the People note, defendant's reliance upon *Offley*, *supra*, 48 Cal.App.5th 588 is misplaced. In *Offley*, two defendants of five were challenging the denial of their section 1170.95 resentencing petitions after the trial court denied the petitions based upon the jury's true finding as to sentence enhancements imposed pursuant to section 12022.53, subdivision (d) for intentionally discharging a firearm and proximately causing the victim's death. (*Offley*, at pp. 592–593.) The Court of Appeal held the enhancements did not preclude a petitioner from relief because it did not establish a defendant acted with malice; rather, both defendants had made a prima facie showing they fell within the provisions of section 1170.95 because the record did not rule out the possibility the jury

relied on the natural and probable consequences doctrine in convicting the defendants. (*Offley*, at pp. 594, 597–600.)  Unlike *Offley*, here the jury was not instructed on the natural and probable consequences doctrine or felony murder.  Rather, it was instructed it only needed to determine whether defendant acted with express malice.  The record also reflects there were no codefendants and there was clear evidence the jury convicted defendant of murder based on a theory he acted with express malice.  Thus, *Offley* is inapposite.  (See *Offley*, at p. 599 [noting additional information from record can establish a defendant's conviction is not based on a now prohibited theory, such as if jury was not instructed on natural and probable consequences doctrine].)

Accordingly, we conclude the court did not err in concluding defendant was ineligible for relief under section 1170.95.  Rather, defendant's counsel's concession at the hearing that defendant was the actual killer was appropriate in light of the record. Further, even if error, it was harmless because defendant was ineligible as a matter of law and the concession made no difference.  (See *Chapman v. California* (1967) 386 U.S. 18, 24; *People v. Watson* (1956) 46 Cal.2d 818, 836.)  Thus, the trial court did not err in denying defendant's petition.

## DISPOSITION

The court's order denying defendant's petition for resentencing is affirmed.